UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT HACK, | § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-3442 |
| | § | |
| THEODORE M. WRIGHT, *et al*, | § § | |
| | § | |
| Defendants. | § | |
| | | |
| 95250 CANADA LTEE, | § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-00521 |
| | § | |
| THEODORE M. WRIGHT, *et al*, | § § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before this Court is Plaintiff Robert Hack and Plaintiff 95250 Canada Ltee's unopposed motion to lift temporarily the stay in *Hack v. Wright*, No. 14-cv-3442, to consolidate the above-captioned actions, and to appoint a leadership structure. (Doc. No. 19). On August 17, 2015, the Plaintiffs; Defendants Theodore M. Wright, Bob L. Martin, Jon E.M. Jacoby, Kelly M. Malson, Douglas H. Martin, David Schofman, Scott L. Thompson, Brian Taylor, and Michael J. Poppe; and Nominal Defendant Conn's Inc., stipulated to the following facts:

On March 5, 2014, a putative securities class action, captioned *Linder v. Conn's Inc., et al.*, No. 4:14-cv-00548 (the "*Linder* Action"), was filed against Conn's, Theodore M. Wright, Brian E. Taylor, and Michael J. Poppe (the "Class Action Defendants"), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated

thereunder based on purportedly false and misleading statements made by Conn's between April 2013 and February 2014 regarding Conn's credit segment provision for bad debt and the fluctuations in the percentage of customers that are more than sixty days delinquent;

The *Linder* Action was assigned to this Court, which, on June 3, 2014, entered an order consolidating the *Linder* Action and two related securities class actions into *In re Conn's, Inc. Securities Litigation* ("Securities Class Action") and appointing co-lead plaintiffs and co-lead counsel;

On October 29, 2014, the co-lead plaintiffs in the Securities Class Action filed a Second Consolidated Amended Complaint;

On December 15, 2014, the defendants in the Securities Class Action moved to dismiss in the Securities Class Action;

On December 1, 2014, a shareholder derivative action, captioned *Hack v. Wright*, No. 4:14-cv-03442 (the "*Hack* Derivative Action"), was filed alleging claims on behalf of Conn's against several of the same parties, and based on many of the same events and transactions that are the subject of the Securities Class Action;

On January 30, 2015, pursuant to the agreement of the parties and in light of the substantial overlap between the facts and issues in the *Hack* Derivative Action and the Securities Class Action, the *Hack* Derivative Action was reassigned to this Court, which is presiding over the Securities Class Action;

On February 25, 2015, Plaintiff 95250 Canada Ltee filed the above-captioned shareholder derivative action (the "*Canada Ltee* Derivative Action"), alleging claims on behalf of Conn's against the same parties and based on many of the same events and transactions alleged in the *Hack* Derivative Action;

On March 19, 2015, pursuant to the agreement of the parties and in light of the substantial overlap between the facts and issues in the *Canada Ltee* Derivative Action, the Securities Class Action, and the *Hack* Derivative Action, the *Canada Ltee* Derivative Action was reassigned to this Court;

On January 30, 2015, pursuant to the agreement of the parties, the Honorable Sim Lake temporarily stayed all proceedings in the *Hack* Derivative Action, pending the resolution of the then-pending motion to dismiss in the Securities Class Action;

The January 30, 2015 order also ordered counsel for the parties to meet and confer concerning further proceedings in the *Hack* Derivative Action following this Court's ruling on the then-pending motion to dismiss in the Securities Class Action, including whether, if another amended complaint and a further motion to dismiss are filed in the Securities Class Action, the stay should be continued until the resolution of any such motion to dismiss;

On March 30, 2015, Plaintiffs filed an unopposed motion to (1) consolidate the *Hack* and *Canada Ltee* Derivative Actions; and (2) appoint a leadership structure for the consolidated action (Doc. No. 19);

On June 30, 2015, following a hearing on the motion to dismiss in the Securities Class Action, the Court terminated the motion to dismiss, dismissed claims against defendant Taylor, and ordered plaintiffs to file an amended complaint by July 21, 2015;

On July 21, 2015, the plaintiffs in the Securities Class Action filed a fourth amended complaint;

The defendants in the Securities Class Action intend to move to dismiss the fourth amended complaint;

Counsel for all parties have met and conferred following the Court's June 30, 2015 ruling

on the motion to dismiss in the Securities Class Action, and have agreed that the current stay of the *Hack* Derivative Action should continue until the resolution of the defendants' anticipated motion to dismiss the fourth amended complaint in the Securities Class Action;

Counsel for all parties have further met, conferred, and agreed to request that the Court temporarily lift the stay and rule on the unopposed motion to consolidate and to appoint a leadership structure.

Based on the foregoing facts, the Court finds that the shareholder derivative actions involve common questions of law or fact and that consolidation is therefore appropriate under Federal Rule of Civil Procedure 42(a). Accordingly, the Court **GRANTS** the Plaintiffs' unopposed motion to lift temporarily the stay in the *Hack* Derivative Action and **GRANTS** the Plaintiffs' unopposed motion to consolidate and to appoint a leadership structure (Doc. No. 19).

Having done so, the Court **STAYS** all proceedings, discovery, and deadlines in the consolidated derivative action (including deadlines for the Defendants to respond) pending the Court's resolution of the anticipated motion to dismiss in the Securities Class Action. This stay is without prejudice to the right of any party to either move to lift the stay or seek a further stay of the consolidated derivative action, or any other relief as may be appropriate and warranted. Counsel for the parties shall meet and confer within ten days of the Court's ruling on the anticipated motion to dismiss in the Securities Class Action to discuss further proceedings and proposed next steps for the consolidated shareholder derivative action.

**IT IS SO ORDERED.**

**SIGNED** in Houston, Texas, on this the 19th day of August, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE