United States District Court
Southern District of Texas
**ENTERED**
December 14, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT HACK, derivatively on behalf of CONN'S, INC., | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| THEODORE M. WRIGHT, BOB L. MARTIN, JON E.M. JACOBY, KELLY M. MALSON, DOUGLAS H. MARTIN, DAVID SCHOFMAN, SCOTT L. THOMPSON, BRIAN TAYLOR, and, MICHAL J. POPPE, et al., | § § § § § § § § § | Civil Action No. 4:14-CV-3442 (KPE) |
| Defendants, | § § | |
| - and - | § § | |
| CONN'S, INC., a Delaware corporation, | § § | |
| Nominal Defendant. | § § § | |

## SCHEDULING ORDER

WHEREAS:

A.  Plaintiffs and Defendants in the above-captioned Derivative Action have entered into a Stipulation and Agreement of Settlement, dated November 24, 2021 (the "Stipulation"),[1] which provides for settlement and dismissal of the Derivative Action upon the terms and conditions set forth in the Stipulation;

---

[1] Unless otherwise defined herein, capitalized terms used in this Scheduling Order shall have the meanings assigned to them in the Stipulation.

B.      Plaintiffs have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for entry of a scheduling order in accordance with the Stipulation, approving the form and content of the notice of the Settlement to Current Conn's Stockholders and scheduling the date and time for the Settlement Hearing;

C.      The Court having read and considered the Stipulation and the exhibits attached thereto; the Stipulation being sufficient to warrant notice to Current Conn's Stockholders; and all Parties having consented to the entry of this Order;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.      **Settlement Hearing**: The Court will hold a settlement fairness hearing (the "Settlement Hearing") on **February 17, 2022, at 2:00 p.m.**, in the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street Houston, TX 77002 (or by telephonic or video means as may be designated by the Court in the interest of public safety) for the following purpose: (a) to determine whether the proposed Settlement on the terms and conditions in the Stipulation is fair, reasonable, and adequate to Plaintiffs, Conn's, and its stockholders, and should be approved by the Court; (b) to determine whether a Final Order and Judgment substantially in the form attached to the Stipulation as Exhibit B should be entered dismissing with prejudice the Derivative Action against the Defendants and extinguishing and releasing the Released Claims; (c) to determine whether the application by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses ("Fee and Expense Application"), and for Service Awards to each of the two named Plaintiffs ("Service Award Application"), should be approved; (d) to hear and consider any objections to the Settlement, the Fee and Expense Application, or the Service Award Application; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

2.	The Court may adjourn the Settlement Hearing without further notice to Current Conn's Stockholders.

3.	The Court reserves the right to approve the proposed Settlement with such modifications as the Parties may agree to without further notice to Current Conn's Stockholders.

4.	**Manner of Giving Notice**: Notice of the Settlement and the Settlement Hearing shall be given as follows:

   a. Within twenty (20) business days after the entry of this Scheduling Order, Conn's shall, at Conn's cost, send, or cause to be sent, a copy of the Long-Form Notice, substantially in the form attached as Exhibit 1 hereto, to each Current Conn's Stockholder (except the Individual Defendants).  For those Current Conn's Stockholders that have consented to receiving information from Conn's electronically, Conn's shall send the Long-Form Notice electronically.  For all other Current Conn's Stockholders, Conn's shall mail the Long-Form Notice to his, her, or its last known address appearing in the stock transfer records maintained by or on behalf of Conn's as of the close of business on the date the Stipulation was filed with the Court.  All Conn's stockholders who are record holders of Conn's common stock on behalf of beneficial owners shall be requested in the Long-Form Notice to forward the Long-Form Notice to such beneficial owners of those shares.  Conn's shall use reasonable efforts to give notice to such beneficial owners by causing additional copies of the Long-Form Notice (i) to be made available to any record holder who, before the Settlement Hearing, requests the same for distribution to beneficial owners, or (ii) to be mailed to beneficial owners whose names and addresses Conn's receives from record owners.

    b.  Within twenty (20) business days after the entry of this Scheduling Order, Conn's shall, at Conn's cost: (i) post the Stipulation (including its exhibits) and the Long-Form Notice, substantially in the form attached hereto as Exhibit 1, on its website; and (ii) publish the Summary Notice, substantially in the form attached hereto as Exhibit 2, once in *Investors' Business Daily* and over a national newswire such as *GlobalNewsWire*.

    c.  Within twenty (20) business days after the entry of this Scheduling Order, Plaintiffs' Counsel shall, at their cost, post the Long-Form Notice on their respective firm websites.

    d.  Prior to the Settlement Hearing, the Settling Parties shall file with the Court appropriate affidavits or declarations regarding compliance with the notice provisions listed above.

    5.  **Approval of Form and Content of Notice**: The Court: (a) approves as to form and content the Notice, attached hereto as Exhibits 1 and 2, and (b) finds that issuance of the Notice in the manner set forth in paragraph 4 above: (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Current Conn's Stockholders of the pendency of the Derivative Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of the Fee and Expense Application, of the Service Award Application, of their right to object to the Settlement, the Fee and Expense Application, or the Service Award Application, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iii) satisfies the requirements of Federal Rule of Civil Procedure 23.1, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules. The date and time of the

Settlement Hearing shall be included in the Notice before it is issued.

      6.    **<u>Appearance and Objections at the Settlement Hearing</u>**: Any Current Conn's Stockholder who objects to the Settlement, the Fee and Expense Application, or the Service Award Application, or who otherwise wishes to be heard, may appear personally or through his, her, or its attorney at the Settlement Hearing and present any evidence or argument that may be proper and relevant; provided, however, that no such Person shall be heard, and no briefs, pleadings, or other documents submitted by any such Person shall be received and considered by the Court, unless, no later than 21 calendar days before the Settlement Hearing, such Person files with the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street Houston, TX 77002, and serves upon the attorneys listed below: (a) a written and signed notice of intention to appear, which states the name, address, telephone number, and email address (if available) of the objector and, if represented, of his, her, or its counsel; (b) proof that the objector owned Conn's common stock as of the date of the execution of the Stipulation and continues to hold such shares; and (c) a written, detailed statement of the Person's objections to any matter before the Court, and the specific grounds therefor or the reasons why such Person desires to appear and to be heard, as well as all documents and writings which such Person desires the Court to consider, including any legal and evidentiary support. These writings must also be served by ECF, by email, byhand, by first-class mail, or by express service upon the following attorneys such that they are received no later than 21 calendar days before the Settlement Hearing:

| To Plaintiff Robert Hack | Francis A. Bottini, Jr.<br>BOTTINI & BOTTINI, INC.<br>7817 Ivanhoe Ave., Suite 102<br>La Jolla, California 92037 |
|---|---|

| To Plaintiff 95250 Canada LTEE | Kip B. Shuman<br>SHUMAN, GLENN & STECKER<br>100 Pine Street, Suite 1250<br>San Francisco, California 94111 |
|---|---|
| To Individual Defendants | Marissa Secco Giles<br>VINSON & ELKINS L.L.P.<br>2801 Via Fortuna, Suite 100<br>Austin, TX 78746 |
| To Nominal Defendant Conn's | N. Scott Fletcher<br>FLETCHER HELD, PLLC<br>808 Travis Street, Suite 1420<br>Houston, Texas 77002 |

7.  Unless the Court orders otherwise, any Person who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the Fee and Expense Application, or the Service Award Application and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement or the requested attorneys' fees and litigation expenses and service awards, or from otherwise being heard concerning the Settlement, the Fee and Expense Application or the Service Award Application in this or any other proceeding.

8.  **Stay and Temporary Injunction**: Until otherwise ordered by the Court, the Court stays all proceedings in the Derivative Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs and all other Current Conn's Stockholders from commencing, instituting, or prosecuting any of the Released Claims against any of the Released Persons.

9.  **Termination of the Settlement**: If the Settlement is terminated pursuant to ¶ 6.2 of the Stipulation, the Settling Parties shall be restored to their respective positions in the

Derivative Action that existed immediately prior to the date of execution of the Stipulation.

10. **No Admission**: As stated in ¶ 7.3 of the Stipulation,

a. Neither the Settlement, the Stipulation (including any exhibits attached thereto), nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement: (i) is, may be deemed to be, or may be offered, attempted to be offered, or used in any way as a concession, admission, or evidence of the validity of any Released Claims, or of any fault, wrongdoing, or liability of the Released Persons or Conn's; or (ii) is, may be deemed to be, or may be used as a presumption, admission, or evidence of, any liability, fault, or omission of any of the Released Persons in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum.

b. Neither the Stipulation nor the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation and/or the Judgment in any action that has been or may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

11. **Supporting Papers**: Plaintiffs' Counsel shall file and serve the opening papers in support of the proposed Settlement, plus the Fee and Expense Application and Service Award Application, and any supporting papers, no later than 35 calendar days before the Settlement Hearing. Opposition papers, if any, shall be filed and served no later than 21 calendar days before

the Settlement Hearing. Reply papers, if any, shall be filed and served no later than 7 calendar days before the Settlement Hearing.

 DATED:  December 13, 2021

                                            Keith P. Ellison
                                            United States District Judge