United States District Court
Southern District of Texas

**ENTERED**

March 15, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT HACK, derivatively on behalf of CONN'S, INC., §§§§§ | |
| Plaintiff, §§ | |
| vs. §§ | |
| THEODORE M. WRIGHT, BOB L. MARTIN, JON E.M. JACOBY, KELLY M. MALSON, DOUGLAS H. MARTIN, DAVID SCHOFMAN, SCOTT L. THOMPSON, BRIAN TAYLOR, and, MICHAL J. POPPE, §§§§§§ | Civil Action No. 4:14-CV-3442 (KPE) |
| Defendants, §§§ | |
| - and - §§ | |
| CONN'S, INC., a Delaware corporation, §§§ | |
| Nominal Defendant. §§ | |

**FINAL ORDER AND JUDGMENT**

Hearings were held before this Court on February 17 and March 15, 2022 ("Settlement Hearings") to determine whether the terms and conditions of the Settlement—as reflected in the Stipulation and Agreement of Settlement, dated November 24, 2021 (the "Stipulation"),[1] incorporated herein by reference—are fair, reasonable, and adequate for the settlement of all Released Claims; and whether this

---

[1] Unless otherwise defined herein, capitalized terms used in this Final Order and Judgment shall have the meanings assigned to them in the Stipulation.

Final Order and Judgment (the "Judgment") should be entered in the above-captioned action and all consolidated cases (the "Derivative Action").

It appearing that due notice of the Settlement Hearing has been given in accordance with the Scheduling Order, the Settling Parties having appeared by their respective attorneys of record, the Court having heard and considered evidence in support of the proposed Settlement, the attorneys for the Settling Parties having been heard, an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order, the Court having determined that notice to Current Conn's Stockholders was adequate and sufficient, and the entire matter of the proposed Settlement having been heard and considered by the Court,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Court has jurisdiction over the subject matter of the Derivative Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Settling Parties and Current Conn's Stockholders.

2.      This Final Judgment incorporates and makes a part hereof: (a) the Stipulation; (b) the Notice; and (c) the Scheduling Order.

3.      Based on the record in the Derivative Action, the Court finds that each of the provisions of Federal Rule of Civil Procedure 23.1 has been satisfied and the Derivative Action has been properly maintained according to Federal Rule of Civil Procedure 23.1. Plaintiffs and Plaintiffs' Counsel have adequately represented the interests of Conn's and its stockholders, both in terms of litigating the Derivative Action and for purposes of entering into and implementing the Settlement.

2

4.    The Court further finds that:

    a.   the Individual Defendants and Conn's agree that the Derivative Action was filed in good faith and was not frivolous, and is being settled voluntarily by the Defendants; and

    b.   the Settling Parties agree that throughout the course of the litigation, all parties and their counsel complied with the provisions of Federal Rule of Civil Procedure 11.

5.    The Court finds that the Notice program:

    a.   was implemented in accordance with the Scheduling Order;

    b.   constituted notice that was reasonably calculated, under the circumstances, to apprise Current Conn's Stockholders of: (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the releases to be provided thereunder); (iii) Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses ("Fee and Expense Application") and application for a service award to each of the five named Plaintiffs ("Service Award Application"); (iv) their right to object to the Settlement, Fee and Expense Application, or the Service Award Application; and (v) their right to appear at the Settlement Hearing.

    c.   constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and

    d.   satisfied the requirements of Federal Rule of Civil Procedure 23.1, the United States Constitution (including the Due Process Clause), and all other applicable laws and regulations.

6.      Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23.1, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects and finds that the Settlement is, in all respects, fair, reasonable, and adequate to Plaintiffs, the Individual Defendants, Conn's, and its stockholders. The Settling Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The definitions related to the Releases contained in ¶¶ 1.5, 1.18, 1.19, 1.20, and 1.27 of the Stipulation are expressly incorporated herein by reference and restated as follows:

a.  "Defendants" means, collectively, the Individual Defendants and Conn's.

b.  "Related Persons" means each of the Defendants' past or present agents, employees, officers, directors, parents, subsidiaries, divisions, affiliates, attorneys, accountants, auditors, advisors, insurers, co-insurers, reinsurers, spouses, immediate family members, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns, or other person in which any Defendant has a controlling interest, and each and all of their respective past and present officers, directors, employees, agents, affiliates, parents, subsidiaries, divisions, attorneys, accountants, auditors, advisors, insurers, co-insurers, reinsurers, trusts, predecessors, successors, and assigns.

c.  "Released Claims" shall collectively mean any and all claims for relief (including Unknown Claims), rights, demands, suits, matters, causes of action, or liabilities, known or unknown, asserted or unasserted, that

4

have been or could have been asserted in the Derivative Action by Plaintiffs, Conn's, or by any Current Conn's Stockholder derivatively on behalf of Conn's against any Defendant or Released Person arising out of or based upon the facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act that were or could have been alleged in the Derivative Action, or any claims in connection with, based upon, arising out of, or relating to the Settlement, but excluding any claims to enforce the Settlement set forth in this Stipulation. Excluded from the term "Released Claims" are (i) all claims alleged in the Related Securities Class Action and (ii) all claims, rights, or obligations of Conn's or the Individual Defendants regarding indemnification, contribution, or insurance matters, as set forth in ¶ 5.4 and ¶ 5.5 of the Stipulation.

d. "Released Persons" means each of the Defendants and their Related Persons.

e. "Unknown Claims" means any of the Released Claims which Plaintiffs, Conn's, Current Conn's Stockholders, or Defendants do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, including claims which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiffs and Defendants shall expressly waive and each of the Current Conn's

Stockholders shall be deemed to have, and by operation of the Judgment

shall have, expressly waived, the provisions, rights, and benefits of

California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO
> CLAIMS THAT THE CREDITOR OR RELEASING
> PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN
> HIS OR HER FAVOR AT THE TIME OF EXECUTING
> THE RELEASE AND THAT, IF KNOWNBY HIM OR
> HER, WOULD HAVE MATERIALLYAFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR OR
> RELEASED PARTY.

Upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each

of the Current Conn's Stockholders shall be deemed to have, and by operation of

the Judgment shall have, expressly waived any and all provisions, rights, and

benefits conferred by any law of any jurisdiction or any state or territory of the

United States or any foreign jurisdiction, or principle of common law, which is

similar, comparable or equivalent to California Civil Code Section 1542.

Plaintiffs, Defendants, and Current Conn's Stockholders may hereafter discover

facts in addition to or different from those which he, she, or it now knows or

believes to be true with respect to the subject matter of the Released Claims,

but, upon the Effective Date, each Plaintiff  and Defendant shall expressly

settle and release, and each Current Conn's Stockholder shall be deemed to have,

and by operation of the Judgment shall have, fully, finally, and forever settled and

released, any and all Released Claims, known or unknown, suspected or

unsuspected, contingent or non- contingent, which now exist, or heretofore have

existed upon any theory of law or equity now existing or coming into existence in

the future, including, but not limited to, conduct which is negligent, intentional,

6

with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Current Conn's Stockholders shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

8.    The releases contained in ¶¶ 5.1 and 5.3 of the Stipulation shall be effective as of the Effective Date, and are expressly incorporated herein by reference and restated as follows:

   a.  Upon the Effective Date, Conn's, Plaintiffs (acting on their own behalf and derivatively on behalf of Conn's), and each of the Current Conn's Stockholders (solely in their capacity as such) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the defense, settlement or resolution of the Derivative Action against the Released Persons, provided that nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of the Stipulation or the Judgment.

   b.  Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Plaintiffs, Plaintiffs' Counsel, Conn's, and all of the Current Conn's Stockholders

7

(solely in their capacity as such) from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Derivative Action or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation or the Judgment.

9.      Plaintiffs' Counsel are hereby awarded a Fee and Expense Award in the amount of $~~225,000~~ *in expenses and $3 250,000 in fees,* which the Court finds to be fair and reasonable. The Fee and Expense   Award   shall   be   paid   pursuant   to   the   provisions   of   the   Stipulation. Neither   Plaintiffs,   nor   Plaintiffs'   Counsel,   shall   make,   or   assist   any   other   counsel   in making,   any   application   for   an   award   of   fees   or   expenses   in   any   other   jurisdiction. Plaintiffs   are   hereby   also   awarded   a   service   award   in   the   amount   of $ 7500   each, to be paid from the Fee   and Expense Award awarded to Plaintiffs' Counsel.

10.      The above-captioned Derivative Action pending in this Court, and all of the claims asserted therein are dismissed with prejudice against Defendants. The Settling Parties are to bear their own costs, except as otherwise provided in this Judgment, the Scheduling Order, and the Stipulation. For the avoidance of doubt, nothing in this Final Judgment, the Settlement, or the Stipulation expands, augments, alters, restricts, curtails or limits the indemnification obligations of Conn's to the Individual Defendants.

11.      The Court hereby permanently bars and enjoins Conn's, Plaintiffs (acting on their own behalf and derivatively on behalf of Conn's), and each of the Current Conn's Stockholders (solely in their capacity as such) from filing or prosecuting, or aiding in filing or prosecuting, the Released Claims.

12.     Neither the Settlement, the Stipulation (including any exhibits attached thereto), nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement: (i) is, may be deemed to be, or may be offered, attempted to be offered, or used in any way as a concession, admission, or evidence of the validity of any Released Claims, or of any fault, wrongdoing, or liability of the Released Persons or Conn's; or (ii) is, may be deemed to be, or may be used as a presumption, admission, or evidence of, any liability, fault, or omission of any of the Released Persons in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum. Neither the Stipulation nor the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

13.     No proceedings or court order with respect to the Fee and Expense Award or any other award of fees or expenses to counsel representing any Current Conn's Stockholder shall in any way disturb or affect any other provision of this Judgment (including precluding this Judgment from being treated as final for purposes of any appeal or otherwise being treated as entitled to preclusive effect), and any such proceedings or court order shall be considered separate from this Judgment. The binding effect of this Judgment and the obligations of the Settling Parties under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue

9

of the Fee and Expense Award.

14.     Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of the Settling Parties or Current Conn's Stockholders in connection with the Settlement.

15.     Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over the Settling Parties and all Current Conn's Stockholders for purposes of the administration, implementation, and enforcement of the Settlement, Stipulation, and this Judgment.

16.     There is no just reason to delay the entry of this Judgment as a final judgment in the above-captioned Derivative Action pending in this Court. Accordingly, the Clerk is expressly directed to enter immediately this Judgment dismissing with prejudice the above-captioned Derivative Action pending in this Court.

DATED: _15 March_ , 2022

_____
Keith P. Ellison
United States District Court Judge